UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 18-10103-RWZ

UNITED STATES OF AMERICA

v.

CHUN LIN ZHANG

<u>ORDER</u>

February 11, 2019

ZOBEL, S. D.J.

On April 19, 2018, defendant was charged in a one-count indictment with illegal reentry after previously being deported, in violation of 8 U.S.C. § 1326. Before the court is the government's motion to exclude several categories of evidence at trial. Docket # 57.

**I.    Background**

Under 8 U.S.C. § 1326, an "alien who ... has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter ... enters, attempts to enter, or is at any time found in, the United States" without receiving the advanced express consent of the Attorney General to reapply for admission or establishing that he was not required to obtain such consent, "shall be fined ... or imprisoned not more than 2 years,

or both."

Defendant, a Chinese citizen, attempted to enter the United States in July 1999, but was determined inadmissible and ordered removed by the United States Immigration and Naturalization Service. According to the government, several years later, defendant was found in the United States without having received the requisite permission to reenter and was charged with the instant offense.

## II. I-601A Application

The government first seeks to preclude reference at trial to defendant's I-601A Application for Provisional Unlawful Presence Waiver. An I-601A facilitates the process of obtaining a United States visa for certain undocumented relatives of United States citizens or lawful permanent residents. Some time after he reentered the United States, defendant applied for an I-601A and, according to defendant, his application is pending.

Even assuming defendant is able to obtain an I-601A,[1] any resultant waiver is not relevant to the charged offense of illegal reentry or any defense thereto. The waiver is not the equivalent of receiving express consent from the Attorney General to reapply for admission nor would it convey upon defendant any sort of retroactive immunity with respect to the allegedly completed crime of illegal reentry. Because defendant's I-601A application does not bear on any fact of consequence, the government's motion to exclude reference to the waiver is allowed. See Fed. R. Evid. 401.

---

[1] The government casts doubt on defendant's eligibility for an I-601A. See Docket # 64 at 4.

2

### III. Defendant's Immigration Order

The government also argues that defendant should not be permitted to make statements or arguments at trial regarding the "validity of defendant's [1999] Immigration Order" or the "value, wisdom, and 'fairness' ... of the United States [g]overnment's immigration laws, policies, standards, or procedure." Docket # 57 at 3.

When defendant was removed from the United States in July 1999, he was provided with a Notice and Order of Expedited Removal, which explained that he was removed because he was seeking admission into the United States by fraud or misrepresentation of a material fact and because he was, in fact, an "immigrant not in possession of a valid, unexpired immigrant visa." Docket # 26-2. Defendant also received a Notice to Alien Removed/Departure Verification ("Notice") stating that, pursuant to section 212(a)(9) of the Immigration and Nationality Act,[2] "you are prohibited from entering, attempting to enter, or being in the United States ... for a period of 5 years from the date of your departure ..." Docket # 64-1. The Notice also stated "[a]fter your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General ...." Id.

Defendant now argues that he was therefore only barred from reentering the United States for five years after his removal and, accordingly, when he returned to the United States approximately seven years later, he did not do so illegally. Importantly,

---

[2] Section 212(a)(9) of the Immigration and Nationality Act is codified as 8 U.S.C. § 1182(9)(A)(I).

however, section 212(a)(9)'s five-year period refers to the time during which a removed alien is categorically barred from applying for a visa.

The Notice is unquestionably confusing and misleading, but the charge is nonetheless legally sound. Regardless of the limitations on when defendant could have applied for a visa under section 212(a)(9), the statute with which defendant is charged, 8 U.S.C. § 1326, "'continues to articulate all the elements necessary to prove a violation [of illegal reentry],' including the requirement that a previously removed alien obtain the Attorney General's advance consent before reentry occurs." United States v. Romero-Caspeta, 744 F.3d 405, 408 (6th Cir. 2014) (quoting United States v. Joya-Martinez, 947 F.2d 1141, 1144 (4th Cir. 1991)); see also United States v. Bernal-Gallegos, 726 F.2d 187, 188 (5th Cir. 1984) (explaining that 8 U.S.C. § 1182 is a civil statute governing visas and does not amend 8 U.S.C. § 1326, a criminal statute). In light of this clarification, the court anticipates that defense counsel will not inject incorrect legal arguments into the trial.

## IV. Defendant's Argument for Dismissal

Lastly, defendant's amended opposition to the government's motion in limine urges the court to dismiss the case entirely. Defendant argues that only aliens excluded or deported for terrorism reasons must obtain approval from the Attorney General prior to reentering the United States. First, the deadline for Fed. R. Crim. P. 12(b) motions has passed. See Docket # 45. But in any event, defendant's argument for dismissal is based on a misguided reading of the statute charged. 8 U.S.C. § 1326(a), the section under which defendant is charged, contains the elements of illegal reentry and provides a two-year maximum term of imprisonment. 8 U.S.C. § 1326(b)

4

adds maximum penalty enhancements for certain types of aliens, including those who were excluded or removed for terrorism-related activities. However, subsection (a) clearly is not limited in scope to only those aliens identified in 8 U.S.C. § 1326(b).

## V. Conclusion

The government's motion (Docket # 57) is allowed to the extent set forth herein.

\_\_\_\_\_February 11, 2019\_\_\_\_ _____/s/Rya W. Zobel_____

DATE  RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE